Per Curiam.

Defendant, an admitted narcotic addict, was convicted on his separate pleas of gmlty of possession of a dangerous weapon as a misdemeanor and attempted petit larceny. At sentencing, it was noted that defendant had twice been found to be an addict after undergoing article 9 (Mental Hygiene Law) examinations, and that he admitted his addiction. Defendant should have been certified to the Narcotic Addiction Control Commission (NACC), as mandated by the provisions of subdivision (d) of section 81.21 of the Mental Hygiene Law, in effect at the time of sentencing (§ 81.21 was amended by L. 1973, ch. 676, eff. Sept. 1, 1973; references are to the section prior to amendment). Section 81.21 (subd. [d], par. 1) of the Mental Hygiene Law provided that when a defendant is found to be a narcotic addict and “ sentence is to be imposed for a misdemeanor * * * the defendant shall be certified to the care and custody of the commission ”. Only in the case of an addict felon did the statute give the court discretion to sentence him to prison or to certify him to NACC (§ 81.21, subd. [d], par. 2).
The sentencing court held that it had discretion to sentence an addict misdemeanant to prison where he was convicted of misdemeanors pumshable by more than one year in jail. We find no indication that the legislative distinction between the treatment of addict felons and misdemeanants was based merely upon the differing terms of imprisonment which could be imposed for such crimes. A misdemeanor is an offense for which a sentence in excess of one year cannot be imposed (Penal Law, § 10.00, subd. 4), and a felony is an offense for which a sentence in excess of one year may be imposed (Penal Law, § 10.00, subd. 5). However, conviction of multiple misdemeanors, even if punishable by more than one year in jail, does not change the misdemeanant’s status to that of a felon. Clearly, the imposition of consecutive sentences for multiple misdemeanors, aggregating more than one year, is not the same as imposing sentence for a felony.
We note that the Legislature has since recognized a need for flexibility in dealing with criminal drug offenders, and the law has been changed to permit the court trying a drug user for a *641 misdemeanor to certify him to the commission or to jail if it thinks the potential for rehabilitation is not great (L. 1973, ch. 676, eff. Sept. 1,1973; see Governor’s Memorandum, McKinney’s 1973 Session Laws of New York, p. A-322). However, since the statute under which appellant was sentenced gave the court discretion only where sentence was to be imposed for a felony and appellant was not convicted of a felony, under the constraint of the statute, the sentencing court was required to certify appellant to the care and custody of the commission (People ex rel. Huggard v. Flood, 42 A D 2d 874).
The judgments of conviction should be modified by reversing them on the law with respect to the sentence, and remanding the cases to the Criminal Court, New York County, for resentencing in accordance with the foregoing, and as modified, affirmed.
Concur — Markowitz, P. J., Fine and Frank, JJ.
Judgments modified, etc.